Minshall, J.
The leave to extend, obtained by ordinance from the city council, did not, as we think, of itself confer the right on the company to occupy the Olivesburg road; it was under the supervision and control of the commissioners of the county, and, by section 3441, ‘Revised Statutes, the company was required to agree with the commissioners as to its occupation. No such *7 agreement was had, and, therefore, what the company did was unlawful. Section 3438, Revised Statues, on which the company relies for its defense, must be construed with other sections relating to the same subject. State and county roads are under the general supervision and control of the commissioners of the county, where they are located; and by section 863, Revised Statutes “where any state or county road, or public highway, has been injured or impaired by placing or continuing therein, without lawful authority, any obstruction, or by filling up or digging out the bed thereof, or in any manner rendering the same less convenient or useful than had been previously by any person or corporation, such person or corporation shall be subject to an action for damages,” and the commissioners of the .county are authorized to bring the action and to “recover such damages as have accrued by reason thereof.” Section 3441 provides, that, “If the public road, along which the railway is to be constructed is owned by a person or company, ,or is within the control or management of the board of public works or other public officers, such person, company or officer may agree with the person or company constructing the railway as to the terms and conditions upon which the road may be occupied.” This section plainly applies to state and county roads under the control of county commissioners, as well as to roads under the control of the board of public works. No reason is perceived why any discrimination should have been made; and the term “officer” will, in its connection, by fair interpretation include a board of county commissioners. This section is not, therefore, consistent with the claim of the defendant, and clearly indi *8 cates that the ordinance provided for in section 3438, Revised Statutes, simply confers corporate power on street railway companies, and uot the right to use and occupy state and county roads in extending’ their tracks over them. Without such ordinance a company could not extend its road within or without the municipality. As a corporation it has, without the ordinance, no such power. To illustrate: By articles of incorporation a railway company is empowered to locate and . construct a railroad between its termini. But the power so conferred is subject to the duty of making compensation to the owner for .private property taken; and of agreeing with the county commissioners as to the use and occupation of public hig’hways under their control. Section 3283, Revised Statutes. In the same sense, under the provisions of section 3438, power may be c’onferred by ordinance on a street railway company to extend its road within or without the city or village, where located; but in executing the power it is reqiiired to conform to the duty of making compensation to the owner of private property taken, unless waived, and of agreeing with the commissioners as to the use and occupation of any state or county road under their control. And if it cannot do so, must resort to the alternative of condemnation, which it may do under the provisions of section 3440, Revised Statutes. Conferring the power to agree with the board or officer having control of the road, does not confer the right to take the road if an agreement cannot be had. The provision implies an alternative, and the duty to adopt one or the other. In this case the company did neither ; and, as a wrong doer, is therefore liable to the action of the commissioners *9 for the damages caused to the road from the acts done, as averred in the petition and shown by the evidence. If it were otherwise, then a street railway company , could, under the ordinance of a city, extend its road over the highways of a county to any part of it without being liable for damages, though the roads so occupied might be rendered wholly useless 'for public travel. This is contrary to what has been the general policy of the state in regard to steam railways; and no reason is perceived why it should have been the intention of the legislature, by section 3438, to confer such franchise on street railways and, for the reasons before given and the sections of the statutes referred to, we feel sure that no such intention existed in adopting that section.
The case is well considered by Jenner, J., in delivering the opinion in the circuit court. 9 C. C. 183.
Judgment affirmed.